UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re
     JOSEPH S. GRANO and ANN GRANO,           09-11302 B

                             Debtors
------------------------------------------------------
JOSEPH S. GRANO and ANN GRANO,

                             Plaintiffs

           v.                                       AP 09-1050 B

WELLS FARGO BANK, N.A.

                             Defendant           <u>DECISION & ORDER</u>
------------------------------------------------------

          Denis Kitchen, Esq.
          8899 Main Street
          Williamsville, New York 14221
          Attorney for Debtor/Plaintiffs

          Berkman, Henoch, Peterson & Peddy, P.C.
          Bruce D. Mael, Esq., of counsel
          100 Garden City Plaza
          Garden City, New York 11530
          Attorneys for Plaintiff

Bucki, Chief U.S.B.J., W.D.N.Y.

        The issue before the court is whether the rationale of *In re Pond*, 252 F3d 122 (2nd Cir. 2001) will allow a debtor in Chapter 7 to avoid a second mortgage on real property whose value is fully encumbered by a prior lien. Stated differently, does the Second Circuit's decision in *In re Pond* create an exception to the limitations on lien avoidance, as stated by the Supreme Court in *Dewsnup v. Timm*, 502 U.S. 410 (1992)?

        Joseph and Ann Grano own a residence at 90 Rollingwood Street in the Town of Amherst, New York. After filing a petition for relief under Chapter 7 of the Bankruptcy Code, they commenced the present adversary proceeding against Wells Fargo Bank, N.A., to avoid a second mortgage. In their complaint, the debtors allege that their real estate has a current fair market value of $445,000 and that it is encumbered by two mortgages: a first lien with an outstanding principal balance of $511,000, and the second mortgage of Wells Fargo with a current balance of

$95,837.60. Mr. and Mrs. Grano assert that they can avoid the second mortgage pursuant to the authority of 11 U.S.C. § 506(a) and (d). In lieu of an answer, Wells Fargo has now moved to dismiss the complaint for failure to state a cause of action. *See* Fed. R. Civ. P. 12(b)(6) and Bankruptcy Rule 7012.

In relevant part, section 506(a)(1) of the Bankruptcy Code states that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." Asserting that the first mortgage secures a debt greater than the value of the property, the debtors argue that in its status as a second mortgagee, Wells Fargo retains only an unsecured claim. Subject to exceptions not here present, 11 U.S.C. § 506(d) states that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." In reliance upon this later subdivision, the debtors commenced the present adversary proceeding to avoid the second mortgage of Wells Fargo. We must reject this position, however, because although superficially inviting, the argument of the debtors contradicts the clear authority of *Dewsnup v. Timm*, 502 U.S. 410 (1992).

In *Dewsnup*, the Supreme Court accepted the position of the secured creditor, that "the words 'allowed secured claim' in § 506(d) need not be read as an indivisible term of art defined by reference to § 506(a)." Instead, the language of section 506(d) "should be read term-by-term to refer to any claim that is, first, allowed, and, second, secured. Because there is no question that the claim at issue here has been 'allowed' pursuant to § 502 of the Code and is secured by a lien with recourse to the underlying collateral, it does not come within the scope of §506(d), which voids only liens corresponding to claims that have *not* been allowed and secured." 502 U.S. at 415 (emphasis in original). Effectively, therefore, the Supreme Court refused to recognize section 506(d) as a grant of authority to a debtor in Chapter 7 to "strip-down" or cancel the lien of an undersecured mortgage.

In contrast to Chapter 7, debtors in Chapter 13 may assert rights under special statutory provisions for the treatment of secured claims.  Specifically, 11 U.S.C. § 1322(b)(2) provides that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."  In *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993), the Supreme Court held that the language of section 1322(b)(2) precluded the bifurcation of an undersecured homestead mortgage into secured and unsecured claims.  Consequently, to the extent that a homestead has value to collateralize any portion of a mortgage, a chapter 13 plan must treat that lien as fully secured.  However, in *In re Pond*, 252 F.3d 122 (2001), the Second Circuit distinguished those circumstances where the homestead lacks equity to collateralize any portion of an inferior lien.  In this special circumstance, because the lien is wholly unsecured, the debtors "are not 'holders of . . . a claim secured only by a security interest in . . . the debtor's principal residence,' 11 U.S.C. § 1322(b)(2), and their rights in the lien are not protected under the antimodification exception of Section 1322(b)(2)."  252 F.3d at 127.

In the present instance, Mr. and Mrs. Grano contend that this court should adopt for Chapter 7 the same exception that the Second Circuit has recognized for cases in Chapter 13, to the effect of permitting the avoidance of secondary liens that are totally undercollateralized.  Unfortunately, this argument overlooks the unique statutory predicate of Chapter 13.  In allowing a debtor in Chapter 13 to avoid a fully unsecured homestead mortgage, the decision in *In re Pond* utilized the authority of 11 U.S.C. § 1322(b)(2).  No parallel provision applies in Chapter 7.  Rather, the holding of *Dewsnup v. Timm*, 502 U.S. 410 (1992) continues to bind debtors in Chapter 7.  Notwithstanding the absence of equity beyond superior liens, the debtors may not here avoid the second mortgage of Wells Fargo Bank, N.A.

The above holding follows the majority of courts that have considered this issue.  In particular, I agree fully with the decision of the Court of Appeals for the Fourth Circuit in *Ryan v. Homecomings Financial Network*, 253 F.3d 778 (2001), and with the decision of the Court of

Appeals for the Sixth Circuit in *Talbert v. City Mortgage Services (In re Talbert)*, 344 F.3d 555 (2003).  For the reasons stated by these courts and in the present decision, the motion of Wells Fargo Bank to dismiss the outstanding complaint is in all respects granted.

      So ordered.

Dated:  Buffalo, New York                                 /s/     CARL L. BUCKI
         January 29, 2010                        Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.